### LEONARDI v. TIMES SQUARE AUTOMOBILE CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

CORPORATIONS—AUTHORITY OF MANAGER—SALE—PROMISE OF COMMISSION.

> In an action for a commission for procuring a customer for one of defendant corporation's automobiles, evidence that plaintiff, on going to defendant's office, was introduced to one S., who represented himself to be defendant's manager and agreed to pay plaintiff a commission on any sales; that plaintiff subsequently brought a purchaser to defendant's office, telling S., to whom he presented him, that he was in the market for an automobile; and that S. then sold him a machine—together with evidence that S. had made other arrangements for commissions with other people, was sufficient to show the authority of S. as manager to act for defendant, so as to justify a recovery.

Appeal from Municipal Court, Borough of Queens, Third District.

Action by John Leonardi against the Times Square Automobile Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

William Paul Buchler, for appellant.

WOODWARD, J. The plaintiff brings this action to recover a commission which he claims to have earned in procuring a customer

for one of the defendant's automobiles. There is practically no dispute that one Simons promised the plaintiff a commission of 5 per cent. upon any sale brought about through the intervention of the plaintiff, and that the plaintiff did procure a purchaser for an automobile, who actually took a machine at the defendant's terms, together with a considerable amount of additional trappings for the same.

The principal contention of the defendant is that there is a failure on the part of the plaintiff to establish that the promise of Simons was binding upon the defendant, though it is not disputed that the defendant had the benefit of the sale. The evidence is such that the jury might properly find that the plaintiff was taken to the office of the defendant, where it displayed a sign bearing its name, by a friend; that the plaintiff was there introduced to Simons, who represented himself to be the manager for the defendant; that Simons then and there entered into a conversation with the plaintiff, in which he (Simons) agreed to pay the plaintiff a commission of 5 per cent. on any sales brought about through the latter; and that the plaintiff subsequently brought a purchaser to the defendant's office, introduced him to Simons, telling him that the person introduced was in the market for an automobile, and that Simons then sold the machine to such customer. There was evidence in the case, properly, we believe, to show that Simons had made other arrangements for commissions with other people, because this tended to show that he was the manager of the defendant, intrusted with the general transaction of its business. It is true, of course, that the promise was without consideration when it was made; but when the plaintiff had produced his customer, and the sale had been made, the plaintiff had produced a consideration, the contract was performed on his part, and he was entitled to his compensation.

The defendant, being a corporation, must necessarily act through agents; and where it establishes an office, and places the same in charge of a manager, and that manager enters into agreements with people coming there on business within the apparent scope of his authority, and the defendant accepts the benefits of such transactions, we are of the opinion that the authority to act is sufficiently well established to justify a recovery. The mere statement of Simons to the plaintiff and to third parties that he was the general manager would not, of course, constitute him an agent of an individual; but here there was a corporation, holding itself out to the public as such, installing a man in its office, and permitting him to enter into contracts of the same general character as that made with the plaintiff, and these facts, in connection with Simons' representations, are sufficient to show authority, where the defendant has accepted the benefits of the service.

The exceptions urged on this appeal appear highly technical, and we do not find in them reason for the reversal of the judgment.

Judgment of the Municipal Court affirmed, with costs. All concur.